94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Douglas SEATON, Petitioner-Appellant,
v.
Walt CHAPLEAU, Respondent-Appellee.
 No. 95-5805.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 W.D.Ky., No. 84-00087; Jennifer B. Coffman, Judge.
 W.D.Ky.
 AFFIRMED.
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Douglas Seaton, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, a jury convicted Seaton of five counts of incest, two counts of first degree sodomy, three counts of first degree sexual abuse, one count of second degree sexual abuse, and one count of third degree sexual abuse. He was sentenced to a total of two life sentences and seventy years. Seaton waived his right to direct appeal.
 
 
 3
 In 1986, Seaton filed a federal petition for habeas relief, asserting that he had been denied the right to appeal his criminal conviction in violation of due process. He alleged that his attorney had not adequately informed him of his right to appeal. The district court dismissed the petition on the merits and denied a certificate of probable cause. This court likewise denied the certificate.
 
 
 4
 In 1987, Seaton filed a Ky.R.Crim.P. 11.42 motion to vacate judgment in state court on the grounds of ineffective assistance of counsel. After conducting an evidentiary hearing, the trial court denied his motion and the state court of appeals affirmed. The Kentucky Supreme Court denied discretionary review. Seaton then filed his habeas corpus petition in the district court, claiming that: 1) he had been denied the right to appeal his criminal conviction; and 2) he had been denied effective assistance of counsel at trial. Upon the magistrate judge's recommendation and over Seaton's objections, the district court granted summary judgment in favor of the respondent, and dismissed Seaton's petition as successive and abusive. Thereafter, the court issued a certificate of probable cause.
 
 
 5
 Seaton has filed a timely appeal and requests an evidentiary hearing. His brief is liberally construed as raising the same issues on appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the petition as being successive.
 
 
 7
 We do not have the earlier petition for a writ of habeas corpus, but our order affirming its dismissal makes it clear that he claimed ineffective assistance of counsel. Thus, we held:
 
 
 8
 The petitioner's only claim in this habeas action is that retained trial counsel denied him his right to a direct appeal by failing (1) to inform the petitioner of his right to an appeal, (2) to take steps to insure petitioner knew of that right, (3) to perfect a direct appeal, and (4) to inform the trial court that the petitioner could not afford to employ appellate counsel.
 
 
 9
 While we did not need to decide whether counsel was ineffective, since the record showed the falsity of petitioner's allegations, still the claim of ineffectiveness of counsel must have been raised.
 
 
 10
 Seaton cannot establish cause for not raising the other claims of incompetence. He must have known there was no objection to the judge's remarks; he knew of the juror's prior service in a sex crime trial; he knew the victim's witnesses were or were not cross-examined; and he knew there was no testimony regarding his impotence.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.